UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-5684 ABC (JEMx) | Date | February 4, 2011 |
|---|---|---|---|
| Title | Jonathan Peter Martinez v. Sheriff Deputy Davis, et al. | | |

| Present: The Honorable | Audrey B. Collins, Chief United States District Judge | | |
|---|---|---|---|
| Angela Bridges | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   RE: PLAINTIFF'S MOTIONS IN LIMINE
(In Chambers)

Pending before the Court are Plaintiff Jonathan Peter Martinez's Motions in Limine numbers 1 through 5 ("Motions").[1]  Defendants Deputies Michael Davis, Damien Ortega, John Corina and Wadie Musharbash ("Defendants") filed Oppositions, and Plaintiff filed Replies.  The Court finds the Motions appropriate for resolution without oral argument.  See Local Rule 7-15.  For the following reasons, the Court hereby **GRANTS** motions 1 through 5.

**I.  BACKGROUND**

This is a civil rights action filed by Plaintiff Jonathan Martinez arising out of an incident that occurred while he was a pretrial detainee housed in Los Angeles County Men's Jail.  Plaintiff alleges that defendants Michael Davis, Damien Ortega and Wadie Musharbash, all of whom were Los Angeles County Sheriff's Deputies, severely beat him after forcibly removing him from his cell, and continued to beat him while he lay handcuffed and defenseless on the ground.  Plaintiff further alleges that Deputy John Corina unreasonably delayed providing him medical treatment.  Plaintiff alleges that he suffered various injuries as a result of the excessive force and that his injures were exacerbated by the delay in treatment.  Plaintiff now moves to exclude certain of Defendants' evidence from trial.

**II.  DISCUSSION**

**A.   Plaintiff's Motions in Limine Numbers 1 and 2 to Exclude Expert Reports are GRANTED.**

Plaintiff moves to exclude the expert reports of defense experts Paul E. Myron and Johnny G. Jurado, and further moves for an order barring them from testifying.

---

[1] Plaintiff also filed a motion in limine number 6.  On February 1, 2011, the Court ordered supplemental briefing on that motion.  There Court will therefore rule on motion in limine number 6 separately following submission of the supplemental briefs.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-5684 ABC (JEMx) | Date | February 4, 2011 |
|---|---|---|---|
| Title | Jonathan Peter Martinez v. Sheriff Deputy Davis, et al. | | |

    **1.    Law Regarding Admissibility of Experts**

Federal Rule of Evidence ("FRE" or "Rule") 702 provides that:

> If scientific, technical or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training or education, may testify thereto in the form of an opinion or otherwise, if: (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

    In general, matters within "common knowledge" are not normally a proper subject for expert testimony. Persignger v. Norfolk & Western Ry. Co., 920 F.2d 1185, 1188 (4th Cir. 1990). In addition, an expert is not permitted to offer opinions as to the credibility of a witness. See United States v. Barnard, 490 F.2d 907, 912 (9th Cir. 1973); Mahone v. Lehman, 347 F. 3d 1170, 1174 (9th Cir. 2003).

    When expert testimony is offered, the trial judge must perform a screening function to ensure ensuring that the expert testimony both rests on reliable foundation and is relevant. Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 592 (1993); General Electric Co. v. Joiner, 522 U.S. 136, 142 (1999); Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137, 149 (1999) (Rule 702 imposes special obligation to ensure that expert's testimony "is not only relevant but reliable.") The burden is on the proponent to show by a preponderance of the evidence that the testimony is reliable. Moore v. Ashland Chem. Inc., 151 F.3d 269, 276 (5th Cir. 1998). Courts may properly exclude expert evidence that is purely speculative. See Zenith Electronics Corp. v. WH-TV Broadcasting Corp., 395 F.3d 416, 418-419 (7th Cir. 2005) (opinion based on "my opinion" and curriculum vitae inadmissible).

    While there is no definitive "checklist or test," the court may analyze, among other things, whether there are standards controlling the technique used, whether the methodology has been subjected to peer review and whether a known technique is generally accepted in the relevant community. Daubert, supra, 50 U.S. at 594. Furthermore, the Court must address whether the witness has applied the principles and methods used reliably to the facts of the case. F.R.E. 702; Daubert, supra, 509 U.S. at 593.

    **2.    Analysis**

    Plaintiff contends that the reports are inadmissible under Rule 702 on various grounds, including that neither report "will assist the trier of fact," that the reports are not based on any particular methodology, that they usurp the province of the jury by purporting to offer opinions on the ultimate issue, that the reports impermissibly opine as to witness credibility, and, relatedly, that the reports are

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-5684 ABC (JEMx) | Date | February 4, 2011 |
|---|---|---|---|
| Title | Jonathan Peter Martinez v. Sheriff Deputy Davis, et al. | | |

simply a confirmation of Defendants' version of events. In their oppositions, Defendants state that they will not offer either Mr. Myron's or Mr. Jurado's report into evidence, but rather will call them to testify. Specifically, Defendants want to call Mr. Myron to testify about "jail security, jail procedures, conditions, and training relating to 'high power' inmates, inmate membership in street gangs, and policies relating to contraband: intoxicants ('pruno') and weapons ('shanks') as they bear on the safety of jail staff and inmates" (Opp'n to MIL 1, 3:22-26), and Mr. Jurado to testify as to "his opinion that the force used (the blow to Plaintiff's nose) was reasonable under the circumstances in this case." (Opp'n to MIL 2 3:18-20.)[2]

Having reviewed the expert reports, the Court **GRANTS** the motion in full. In brief, the reports are faulty for all of the reasons Plaintiff assert. Nor may Mr. Myron or Mr. Jurado testify at trial. Mr. Myron's report contains no expert discussion or opinion about any of the topics about which Defendants want him to testify. As such, under Fed. R. Civ. Proc. 26(a)(2)(B)(i) and 37(c)(1), Mr. Myron cannot testify as to these matters. Mr. Myron's report does note that "pruno" and "shanks" are prohibited for health and safety reasons. However, his comments on these matters are not "expert" opinions; indeed, understanding these aspects of the case is not beyond a layperson's grasp. Thus, to the extent Defendants sought to have Mr. Myron opine on policies, the Court finds Jimenez v. Sambrano, 2009 WL 2382622 (S.D. Cal. 2009) persuasive. There, the defendants argued that their use of force expert should be allowed to testify about correctional policies and procedures. The court, however, found that defendants did not demonstrate that an expert was needed to explain such matters because "the policies and procedures, as written, are not beyond the understanding of the average lay-man." Jimenez, supra, 2009 WL 2382622, at *2. For the same reasons, Mr. Myron may not testify. However, because evidence concerning jail policies and procedures is within a layperson's grasp, other defense witnesses – such as Defendants themselves – may well be able to testify about them, subject, of course, to whatever objections Plaintiff might raise.

Nor is Mr. Jurado's opinion that Defendants' use of force was reasonable under the circumstances admissible. Although "expert testimony concerning an ultimate issue is not per se improper. . . an expert witness cannot give an opinion as to her legal conclusion, i.e., an opinion on an ultimate issue of law." Mukhtar v. California State University, Hayward, 299 F.3d 1053, 1066 (9th Cir. 2002) (internal citations omitted). See also United States v. Duncan, 42 F.3d 97, 101 (2d Cir.1994) ("When an expert undertakes to tell the jury what result to reach, this does not aid the jury in making a decision, but rather attempts to substitute the experts's judgment for the jury's.") (emphasis in original). Mr. Jurado's opinion that Defendants used reasonable force under the circumstances is just such an

---

[2] The Court reminds Defense counsel of its admonishment in its February 1, 2011 minute order relating to their briefing on the motions to exclude experts: "The Court admonishes Defense counsel to avoid citing bad case law. In its oppositions to Plaintiff's motions in limine 1 and 2 to exclude Defendants' experts, counsel cited to four cases for a proposition of law that had been expressly abrogated. See, e.g., Opposition to MIL 2 4:25-5:8. Two of the four cases to which counsel cited were 'red-flagged' on Westlaw. Minimal diligence on counsel's part would have avoided their citing bad law. Counsel is warned that future lapses may subject them to sanctions."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-5684 ABC (JEMx) | Date | February 4, 2011 |
|---|---|---|---|
| Title | Jonathan Peter Martinez v. Sheriff Deputy Davis, et al. | | |

opinion on an ultimate issue of law that risks usurping the jury's province. See Jimenez, 2009 WL 2382622, at *2 (stating "Whether Defendants' use of force was unreasonable or excessive is an ultimate issue of law in this case. Accordingly, [the expert's] opinions in this regard are inadmissible.")

For the foregoing reasons, the Court **GRANTS** Plaintiff's motions in limine 1 and 2.

**B.      Plaintiff's Motion in Limine Number 3 Regarding Convictions is GRANTED.**

Plaintiff seeks to exclude evidence consisting of (1) details of Plaintiff's convictions less than 10 years old, and (2) evidence related to convictions more than 10 years old, which are also juvenile convictions. Specifically, "Plaintiff does not, by this motion, contest the admissibility of the fact that he was convicted of a felony less than 10 years ago and that he is serving two life sentences, [but] any information beyond this bare fact has virtually no probative value and is highly prejudicial." MIL no. 3, 3:6-9.) Defendants state that they do not intend to offer evidence of convictions more than 10 years old, but they wish to introduce evidence that Plaintiff has two convictions for murder, as an adult, from November 2002. Defendants contend that such details are admissible under FRE 609 and 404(b).

Defendants contend that the fact that Plaintiff was convicted for murder is relevant under Rule 404(b) to show Defendants' intent or motive. Specifically, they assert that the murder convictions are probative of the reasonableness of their fear when Plaintiff allegedly attacked them, and of the reasonableness and appropriateness of their use of force. However, the incident giving rise to Plaintiff's claims occurred on July 23, 2002, *before* Plaintiff's November 2002 convictions. As such, the nature of Plaintiff's convictions are not probative of the Defendants' state of mind.

Defendants contend that the nature of Plaintiff's convictions is also admissible under Rule 609 as probative of his credibility. However, Plaintiff's convictions do not involve dishonesty or a false statement, and thus the specifics of his convictions are no more probative of his credibility than is the sanitized statement that he was convicted of a felony and is serving two life sentences. Alternatively, the Court finds that informing the jury that Plaintiff was convicted of two murders is unfairly prejudicial under Rule 403, as there is a great risk that such information would bias jurors against Plaintiff.

The Court therefore **GRANTS** Plaintiff's Motion in Limine number 3. The jury may be told that Plaintiff was convicted of a felony less than 10 years ago and that he is serving two life sentences, but must not be informed of the nature of the convictions. Counsel are advised that all witnesses must be informed of this ruling before testifying, and that witnesses and/or counsel may be held in contempt if they violate this ruling.

**C.      Plaintiff's Motions in Limine Number 4 Regarding Intoxication by Pruno is GRANTED.**

At his deposition, Plaintiff testified that he had consumed several cups of "pruno" before the incident giving rise to his claims. "Pruno" is a homemade beverage made from fermented fruit that sometimes contains alcohol. Plaintiff does not dispute that Defendants are permitted to testify, based on

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-5684 ABC (JEMx) | Date | February 4, 2011 |
|---|---|---|---|
| Title | Jonathan Peter Martinez v. Sheriff Deputy Davis, et al. | | |

their own observations, that Plaintiff *appeared to be* under the influence of pruno. However, Plaintiff seeks to bar Defendants from testifying that Plaintiff *was in fact* intoxicated. Defendants oppose, stating they intend to present evidence of Plaintiff's intoxication through both lay and expert testimony.

As stated above, Defendants' expert witness have been excluded from testifying. The Court need only decide whether Defendants can present lay testimony that Plaintiff was intoxicated.

Under FRE 602, a witness cannot testify as to a matter unless evidence is introduced sufficient to support a finding that "the witness has personal knowledge of the matter." Under Rule 701, Opinion Testimony by Lay Witness, if a witness is not testifying as an expert, "the witness's testimony in the form of opinions or inferences is limited to those opinions or inferences which are . . . not based on scientific, technical or other specialized knowledge within the scope of Rule 702."

Based upon these Rules, the Court agrees with Plaintiff: Defendants lack foundation to testify that Plaintiff was in fact intoxicated because they lack personal knowledge that he was intoxicated, and no blood test or other test was performed on him. However, as Plaintiff concedes, the jury can certainly understand what "pruno" is from lay testimony, and Defendants can testify, based on their own observations, that Plaintiff *appeared to be* intoxicated.

For the foregoing reasons, Plaintiff's Motion in Limine number 4 is **GRANTED**. Defendants may testify as to their impressions of whether Plaintiff was intoxicated, but cannot testify that he was, in fact, intoxicated.

**D.**   **Plaintiff's Motions in Limine Number 6 to Regarding Pre-Trial Disclosures is GRANTED.**

Plaintiff seeks an order confirming that under Fed. R. Civ. P. 37(c), Defendants are bound by their pre-trial disclosures made under Fed. R. Civ. Proc. 26(a)(3), except for evidence to be used solely for impeachment. The Court **ORDERS** that both parties are bound by their pre-trial disclosures, except for evidence to be used solely for impeachment.

### III.  CONCLUSION

For the foregoing reasons, Plaintiff's Motions in Limine number 1 through 5 are **GRANTED**.

**IT IS SO ORDERED.**

:

Initials of Preparer   AB